UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

    Plaintiff,                                          Hon. Hala Y. Jarbou

v.                                                    Case No. 1:21-cv-467

STATE OF MICHIGAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on June 7, 2021, against the following entities and individuals: (1) State of Michigan; (2) Governor Gretchen Whitmer; (3) United States of America; (4) President Joseph Biden; (5) Michigan Unemployment Agency; (6) United States Small Business Administration; (7) Michigan Department of the Treasury; (8) Ingham County Friend of the Court; and (9) Eaton County Friend of the Court. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 7), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges the following. The Michigan Department of the Treasury, along with Ingham County and Eaton County, "have stolen [Plaintiff's] 2019 tax return and stimulus check and his 2020 tax return." The Small Business Administration and the Michigan Unemployment Agency "have stolen [Plaintiff's] unemployment money and denied [Plaintiff] his PPP loan and EIDL Advance Grant." Plaintiff requests that the Court enter a permanent injunction "against the defendants and their master computer because there is no place in the U.S. Constitution that states a computer can make any decision that effects [Plaintiff] or his heirs."

Plaintiff has asserted nothing more than unsubstantiated conclusions and has failed to allege any *facts* which, if proven, would entitle him to relief. Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of this matter would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                Respectfully submitted,

Date: June 22, 2021                         /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge